STATE *vs.* MARY JANE STAFFORD.

Cumberland.   Decided July 23, 1877.

*Words.   Nuisance.*

The phrase, "knowingly permits," implies consent as well as knowledge.

By R. S. c. 17, §§ 1 and 4, if any person knowingly permits any building or tenement owned by him or under his control to be used for the illegal sale or keeping of intoxicating liquors, he shall be deemed guilty of aiding in the maintenance of a nuisance.  *Held,* that mere knowledge without permission was not sufficient; that to constitute the offense, there must be permission or consent as well as knowledge.

Where the presiding justice on the trial of an indictment for aiding in the maintenance of a nuisance under R. S. c. 17, §§ 1 and 4, instructed the jury: "If the government has satisfied you the rooms were used by the persons stated in the indictment, and for the purposes therein alleged, with the knowledge of the respondent, that is all the government is bound to prove;" exceptions to the instructions were sustained.

ON EXCEPTIONS from the superior court.

INDICTMENT for keeping and for aiding in the maintenance of a nuisance.   The verdict was "guilty on the first twelve counts" and " not guilty on the thirteenth and fourteenth counts;" and the defendant alleged exceptions, as in the opinion appear.

*C. P. Mattocks & E. W. Fox,* for the defendant.

*C. F. Libby,* county attorney, for the state.

VIRGIN, J.      All places used as houses of ill fame, resorted to for lewdness or gambling, for the illegal sale or keeping of intoxicating liquors, and all places where intoxicating liquors are sold for tippling purposes, are common nuisances.   R. S. c. 17, § 1, St. 1873, c. 152.

By the provisions of c. 17, § 4, any person is deemed guilty of aiding in the maintenance of a nuisance, who (1) knowingly lets any building or tenement owned or controlled by him, for any of the purposes named in § 1; or (2) "knowingly permits the same or part thereof to be so used."

Each of the first twelve counts in the indictment is founded on the second clause of § 4.   They differ, however, (1) as to the dates of the alleged offenses; (2) the persons who kept or maintained the nuisances; (3) the tenements used; and (4) the purposes for which they were used.

The defendant's thirty-first prayer for instruction was: "It is not enough that she [defendant] knew, she must have permitted or consented to the offenses committed in the building."

Upon this point, the learned judge, in the early part of his charge, instructed the jury as follows: "Each of the first twelve counts charges the aiding in the maintenance of a nuisance—that is to say, charges that she lets parts of certain buildings under her control, knowing them to be used for the purposes stated." Subsequently, after calling the attention of the jury to the direct testimony of the police officers, to the uses made of the shops and the manner in which they were fitted up, he charged: "You also have some direct testimony as to what has been done in these shops during these periods of time ; and it is for you to say as matter of fact from all the testimony in the case, whether these shops were used for the illegal sale and the illegal keeping of intoxicating liquors. If you have no doubt upon that point, then the question arises, was this with the knowledge and consent of the respondent."

There is no doubt of the correctness of this latter clause of the charge; and notwithstanding the imperfect statement in the former, we might well conclude that taking both these extracts together the defendant would have no reasonable ground of exception. But still later the charge continues : "If the government has satisfied you the rooms were used by the persons stated in the indictment, and for the purposes therein alleged, with the knowledge of the respondent, that is all the government is bound to prove ;" and concludes as follows : "In order to make out the offense under either one of these counts, the government must satisfy you that by the persons stated in the count, the nuisance was kept. That is to say, in each count consider the question whether it is proved by the evidence in the case that the person, who is charged as using the premises, did keep a nuisance in those premises—did keep them for the illegal sale or keeping of intoxicating liquors, or as a house of ill fame. If the fact under each count is made out—proved beyond reasonable doubt—that a nuisance was kept by the person or persons named in the count, then the question is, was it with the knowledge of the respondent. If so, then the respondent is guilty under such ones of the first twelve counts, or under all of them, as you may find those facts proved."

These last two portions of the charge ignore the idea of permission or consent on the part of the defendant. This omission we apprehend from other parts of the charge and from the statement of the defendant herself that she owned, lived in and had the control and management of the building, is explained by the fact that the real controversy before the jury upon this point seems to have been in regard to her knowledge of the offenses alleged as nuisances, rather than her consent or permission thereof. But these instructions, with the omission mentioned, were suited to convey an erroneous idea, if the jury considered them a full statement of the law. Being the last statements to the jury they would naturally so consider them and be the more likely to remember them instead of the correct exposition given them in the earlier part of the charge. And when in connection with these instructions we consider that there was evidence tending to show that the defendant forbade the sale of liquors on the premises and so notified her tenants, we think there is reason to believe the jury was misled and considered knowledge on the part of the defendant as sufficient without her consent or permission.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.