6885

STATE OF SOUTH CAROLINA *EX REL.* J. FRASER LYON, ATTORNEY GENERAL, v. NEW CHARLESTON HOTEL CO.

NUISANCE—LANDLORD AND TENANT—INJUNCTION.—Where a landlord rents his premises for a number of years and, during the life of the lease, wilfully and with full knowledge permits the tenant to keep and maintain thereon a place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, he, with his tenant, may be enjoined from maintaining such place, declared by the statute to be a nuisance.

Petition in the original jurisdicition of this Court by J. Fraser Lyon, Attorney General, on behalf of the State of South Carolina against Riddock & Byrnes, Ernest Brown and the New Charleston Hotel Company, for injunction.

*Assistant Attorney General, M. P. DeBruhl,* for petitioner, cites: *Legislature may declare certain places or acts nuisances:* Joyce on Nui., Sec. 31; 152 U. S., 136. *Courts of equity have jurisdiction to enjoin public nuisances:* 78 S. C., 286; 1 Spell. on Ext. Rem., 318; 2 High on Inc., Sec. 1554; Joyce on Nui., Sec. 416; 1 Ency., 64; 69 Am. Dec., 187; 42 Am. R., 182; 18 Ves., 217; 19 Ves., 617; 28 Kan., 735; 1 N. C., 12; 22 Ala., 190; 30 Ga., 506; 87 Ill., 453; 11 Abb. New Cas., 313; 26 Ia., 379; 117 Ga., 434; 83 Pa., 598; 53 S. E., 603; 122 Ga., 754; 5 L. R. A., 193; 30 Am. Dec., 103; 48 Am. Dec., 340; Cal., 347; 39 So. R., 520; 18 Ky., 800; 148 Ill., 51; 66 Cal., 150; 18 Ark., 258; 147 Cal.,

381; 59 Am. St. R., 750; 87 Ala., 659; 108 Mass., 463. *State is entitled to injunction, and attorney general may maintain action:* 78 S. C., 286; Joyce on Nui., Sec. 437; 5 Pom. Eq. Jur., Sec. 479; 4 Id., Sec. 1349; 11 Laws N. Y., 396; 66 Cal., 152; 148 Mass., 309; 91 Cal., 220; 10 Ill., 366; 16 Mass., 242; 1 Spell. Ex. Rem., 318. *What statute declares a nuisance is deemed a nuisance in fact:* 149 Mass., 550. *Conviction in criminal court not prerequisite:* 87 Ill., 450. *Respondents not entitled to trial by jury:* 78 S. C., 286; 5 Pom. Eq. Jur., 896; 149 Mass., 556. *Injunction may attach to the property on which nuisance is maintained:* Joyce on Nui., Sec. 82; 61 Am. D., 388; 149 Mass., 550; 5 R. I., 191; 97 U. S., 25; 69 Ia., 62; 50 L. R. A., 535; 85 Ia., 415; 90 Ia., 213.

*Messrs. Mordecai & Gadsden, Rutledge and Hagood,* contra, cite: *Hotel company is not responsible for any violation of law, but lessee is:* 18 Ency., 243; 56 E. C. L., 783; *Paul* v. *Duke of Norfolk,* 2 L. R. Ch. D ; 146 Mass., 47.

April 21, 1908.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an application addressed to the Court, in the exercise of its original jurisdiction, for an injunction.

The following is a copy of the petition:

1. "That your petitioner is informed and believes that the respondents, E. J. Riddock and Wm. Byrnes, are partners, doing business in the city of Charleston, in said State and under the firm name and style of Riddock & Byrnes, and are engaged in and carrying on the business hereinafter alleged, and are in possession, as lessees thereof, of certain real estate situated in the city of Charleston, in Charleston County and State of South Carolina, on the east side of Meeting street of said city, and known as the 'Charles-

ton Hotel,' and that they have in their employment the respondent, Ernest Brown.

2. "That the greater part of said property mentioned in Paragraph 1 of this petition is used as a hotel for the acommodation of the public, and known as the Charleston Hotel, of which hotel the said Riddock and Byrnes are the proprietors and managers. That a portion of said Charleston Hotel, to wit: one or more rooms, are now, and for a long time heretofore have been, continuously maintained and used by the said E. J. Riddock and Wm. Byrnes, partners as aforesaid, and Ernest Brown, as a place where people are permitted to resort, for the purpose of drinking alcoholic liquors and beverages; that alcoholic liquors, which have not been tested and found to be pure and free from poisonous and deleterious matter, as provided by law, are now, and have been for a long time heretofore, sold and dispensed by the respondents, Riddock & Byrnes and Ernest Brown, continuously, upon the premises above described and mentioned, to wit: a room or rooms in Charleston Hotel; and the said respondents permit persons to resort to the said premises for the purpose of drinking alcoholic liquors and beverages. That said place is equipped with tables, chairs, glasses and other furniture, and fixtures usually used in places kept for a resort where alcoholic liquors and beverages are sold and drunk. That said resort, or place, in Charleston Hotel, maintained and used as herein above alleged is a common nuisance, the same being so declared by Section 29 of an Act of the General Assembly of this State, known as Dispensary Law, approved February 16, 1907. That said resort is owned, kept and maintained and managed by the respondents, E. J. Riddock, Wm. Byrnes and Ernest Brown, unlawfully in plain violation and disregard of said statute.

3. "That said E. J. Riddock, Wm. Byrnes and Ernest Brown will continue to occupy said place, to wit, said portion of the Charleston Hotel, and to keep and use the same

as a place for the sale of alcoholic liquors and beverages which have not been tested and found to be pure and free from poisoning and deleterious matters, and the use and consumption of which is against the morals, good health and safety of the State and contraband; and will continue to occupy said place and maintain the same as a common nuisance and place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, all of which will be done indefinitely in the future, unless restrained and forbidden by the injunction of this Honorable Court; that said place is a common nuisance of great injury to the public, which injury is irreparable and can not be compensated in damages; and your petitioner is informed and believes that the State has no adequate remedy at law and that the said nuisance will be continued unless the respondents are restrained and enjoined by this Honorable Court.

4. "That petitioner is informed and believes that the 'New Charleston Hotel Company' is a corporation duly incorporated and organized under the laws of this State, and is doing business in this State with its principal place of business in the city of Charleston. That said corporation is the owner of the property mentioned in Paragraph 1 of this petition, to wit: that certain parcel of real estate situated in the city of Charleston, in that State, on the east side of Meeting street of said city and known as the 'New Charleston Hotel,' which property is leased and rented to the respondents, Riddock & Byrnes, and used by them as hereinbefore alleged.

5. "That petitioner is informed and believes that the respondents, said New Charleston Hotel Company wilfully and with full knowledge, permits its said property hereinbefore described, to be kept, used and maintained by the respondents, Riddock & Byrnes and Ernest Brown, as a place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages, and where alco--

holic beverages which have not been tested and found to be pure and free from poisonous and deleterious matters are sold, in violation of the laws of the State. That said place maintained, used and kept by said Riddock & Byrnes and Ernest Brown, as aforesaid, is not a dispensary or a place where alcoholic liquors and beverages may be sold according to law, but is a common nuisance, and is so declared by the Act of the General Assembly, above mentioned, approved February 16, 1907."

The answer of the New Charleston Hotel is as follows:

"That this respondent, on the 3d day of August, 1904, leased to their co-respondents, Riddock & Byrnes, the premises known as the Charleston Hotel, with all the furnishings and fixtures and appurtenances thereto belonging, and more fully described and set forth in a lease of the same hereto annexed and hereby made a part of this return.

"That at the time of the making of the said lease the said Charleston Hotel enjoyed a hotel dispensary privilege, or license, under which liquors were sold in accordance with the provisions of law then existing.

"That by the terms of said lease the same was, for the period of five years, commencing on the 1st day of November, 1904, and ending on the 31st day of October, 1909, with the privilege to the lessees to renew the lease at the expiration thereof for another term of five years, ending on the 31st day of October, 1914.

"That upon the execution and delivery of the said lease the possession and right of possession and control of said premises passed wholly out of this respondent, and that under the terms of said lease this respondent has no right of re-entry upon said premises for any purpose whatsoever, except as therein provided.

"That if the allegations of the petition herein are true as to the illicit and improper sale of liquor on said premises this respondent submits that it is not liable therefor, nor

can its property or itself be enjoined because of alleged illegal acts of its tenants."

It is alleged in the petition the New Charleston Hotel Company "wilfully and with full knowledge, permits its said property to be kept, used and maintained by the respondents, Riddock & Byrnes and Ernest Brown, as a place where persons are permitted to resort for the purpose of drinking alcoholic liquors and beverages." This is not denied. The New Charleston Hotel Company, therefore, became a party to the violation of Section 29 of the Dispensary Act (approved the 16th of February, 1907), which provides that "all places where persons are permitted to resort for the purpose of drinking alcoholic liquors or beverages are hereby declared nuisances."

Therefore, there is no reason why the New Charleston Hotel Company should not likewise be enjoined from maintaining the said nuisance.

In the case of *Dobbins* v. *United States*, 6 Otto, 395, the principle was announced that if the owner of land permits it to be used as a site for a distillery the law places him on the same footing as if he was the distiller, and the land will be forfeited for the unlawful acts and omissions of the distiller, just as if he were the owner, even if the owner was ignorant of such fraudulent acts and omissions.

As was said by Mr. Justice Jones, in commenting on said case in *Moody* v. *McKinney*, 73 S. C., 438, 53 S. E., 543, "the owner of the property voluntarily leased it for the purpose of a business when he knew, or ought to have known, that forfeiture would follow, if the business was not conducted as required by law."

The New Charleston Hotel Company has no just cause to complain if it is enjoined from maintaining a nuisance, which it has helped to create.

It is the judgment of this Court that the respondents be perpetually enjoined from maintaining, using and keeping said place, where persons are permitted to resort for the

purpose of drinking alcoholic liquors and beverages, and from permitting persons to resort to the said premises for the purpose of drinking alcoholic liquors and beverages.