(122 So. 881)

### NEWELL v. DEMPSEY.   (8 Div. 61.)

Supreme Court of Alabama.   May 9, 1929.

Rehearing Denied June 27, 1929.

Williams & Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

FOSTER, J. The principles of law which apply to the situation shown in this case have from time to time been fully stated by this court, and very recently reviewed and restated. Still v. Lovelady (Ala. Sup.) 117 So. 481;[1] Central of Georgia v. Faulkner, 217 Ala. 82, 114 So. 686; Stillwell v. McCollister, 214 Ala. 141, 107 So. 78; Gulf States Steel Co. v. Beveridge, 209 Ala. 473, 96 So. 587; Harvey v. Warren, 212 Ala. 415, 102 So. 899; Locklin v. Tucker, 208 Ala. 155, 93 So. 896. In this last case (followed in the others) the older authorities were analyzed and some overruled in certain respects, and it smoothed out the conflicts theretofore existing. The conclusions expressed in it seem to have been fully settled and followed by the later cases.

[1] 218 Ala. 19.

In it and the other cases following, the principle (which for convenience we will here quote) is now fully settled that, when there is "an uninterrupted user by the general public of a roadway over reclaimed lands, for a period of twenty years or more, and there is nothing in the evidence to contradict the presumption of a dedication by the owner, such a presumption [of dedication] will be indulged from the fact of such user alone." While it is recognized that, to constitute a dedication, the public user must be under a claim of right, the presumption referred to is held to relate to the burden of proof upon the issue of adverse user under such claim of right. So that there is a presumption that 20 years' user is an adverse user and under claim of right, when "there is nothing in the evidence to contradict the presumption." Neither does such presumption arise by a mere 20 years' user of a way through unreclaimed or abandoned lands. Locklin v. Tucker, supra; Rosser v. Bunn, 66 Ala. 89, 95; Trump v. McDonnell, 120 Ala. 200, 203, 24 So. 353; Card v. Cunningham, 199 Ala. 222, 74 So. 335.

We agree with the circuit judge in effect holding that the evidence contradicts a presumption of dedication in this case. Some of the facts which we think are sufficient to that end are that it was apparently built and maintained and used primarily not for a public highway, but to accommodate those going to the mill on business with the landowner, and to stimulate the business of the mill. The people using it never claimed it nor worked it as a public road, nor was it maintained by the public, but it was called by names indicating a private use. Its use for other purposes than for mill customers without objection could under such circumstances be referable to an implied permission by its owner merely as an accommodation. For about 13 years prior to the filing of the bill appellee's conduct showed clearly that he claimed the right to control it, and no one disputed that claim, until this controversy arose shortly before the suit was filed.

It is not clear that the road has during this period extended through reclaimed land in a manner to interfere with its use by the owner until appellee first erected his wire fence in 1912. Tutwiler v. Kendall, 113 Ala. 664, 21 So. 332.

It is our conclusion, therefore, that the owner of this land never intended to dedicate the roadway to the use of the public, or that the use by the public was never under claim of right in any sense adverse to the rights of the owner. The decree of the circuit court gave effect to these views, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.