176 So. 612

**WILLIS v. STATE ex rel. ORME, Solicitor.**

4 Div. 960.

Supreme Court of Alabama.

Oct. 28, 1937.

Walters & Walters, of Troy, for appellant.

A. A. Carmichael, Atty. Gen., for appellee.

GARDNER, Justice.

Proceedings in equity by the state for the condemnation and forfeiture to the state of one Plymouth car, under section 4778 et seq., Code 1923. Koger v. State, 215 Ala. 319, 110 So. 573. From a decree of condemnation, Floyd J. Willis, the owner of the car and defendant in the cause, has prosecuted this appeal.

The case was tried upon oral testimony before the chancellor, and for the state rested upon the evidence of two deputy sheriffs who trailed defendant's car from his store to a negro's house on another street in Troy, where was delivered a box containing prohibited liquors. According to this testimony, defendant placed the box in the car with the negro on the rear seat, and upon reaching the point of destination the negro carried the box and delivered it at the house.

The deputies were in close pursuit, and as they entered the house the defendant drove away. From the evidence the box contained a gallon of prohibited liquor. Defendant insists the box contained groceries only, and offered testimony of a negro woman in the house to substantiate his contention.

This conflicting proof was for the chancellor's consideration, with the advantage of the presence of the witnesses upon the stand. Clearly, there is no sufficient reason here shown for a disturbance of his decree upon the facts. And we may add that looking at the evidence in this record, without regard to the presence of the witnesses before the chancellor, we are impressed that the decided weight thereof favors the result reached in the court below.

Appellant insists the testimony of one of the deputies that he did not know at that time where the negro man was, and that he had tried to find him, constituted proof of flight of an accomplice, and was inadmissible under the authority of Lowman v. State, 161 Ala. 47, 50 So. 43. The solicitor may have originally intended it as introductory to such a fact, though it may be doubted that standing alone it sufficed for that purpose. 16 Corpus Juris 552. But that question aside and undetermined, and conceding such effect for the purpose in hand, the ruling in regard thereto constitutes no cause for reversal.

This is a proceeding in equity and governed in this regard by section 6565, Code 1923, requiring a consideration of the cause upon only competent testimony. This statute was given effect in a recent case, similar in character to that here presented (Joiner v. State, 232 Ala. 522, 168 So. 885), and this authority suffices to demonstrate no error to reverse appears as to such ruling.

Indeed, it is quite clear no weight whatever was attached to such proof, and certainly none given it here.

These general observations suffice also to the remaining question, which is considered not of sufficient importance to require any separate treatment here.

We are persuaded no error to reverse appears, and that the decree appealed from was correctly rendered. It will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.