181 So. 289
### RITTER et al. v. HEWITT.
#### 6 Div. 99.

Supreme Court of Alabama.
March 10, 1938.

Rehearing Denied May 26, 1938.

Ritter, Wynn & Carmichael and Victor H. Smith, all of Birmingham, for appellants.

GARDNER, Justice.

· Complainant is the owner of seven acres of land in section 16, township 16, range 2 west, in Jefferson county, upon which he resides. Defendant Ritter owns certain lands in section 21, township 16, upon which defendant Robert Walters resides, and upon which defendant J. B. Walters holds a mortgage. Immediately adjacent to the Ritter land there is a public road which intersects the Mt. Pinson-Tarrant City Highway at Ketona, and runs in a semicircular shape· back to said Mt. Pinson Highway at a point near Pawnee Station, known·as the Ketona road.

Complainant insists there is a public way or road which leads from his place and intersects the Ketona ·public road at a point immediately adjacent to the land owned by defendant Ritter, and where defendant Robert Walters lives, and that it has been in use continuously and as a matter of right by the general public for a period of more than twenty years.

Defendants, at or near the point of this intersection, have obstructed this way or road leading to complainant's house some .200 yards or more, and upon that question no dispute arises. Nor does it appear to be seriously questioned that complainant has shown damage peculiar to himself; that is, during certain seasons of the year this particular way was the only practical access he had to the public markets for his farm products from his place, and that such a way is necessary for the proper enjoyment of his property. Cabbell v. Williams, 127 Ala. 320, 28 So. 405.

The real meritorious issue in the case re-. lates to the question as to whether or not the obstructed way was in fact a public way or road; defendants insisting that whatever use was made of this way by the public was ·permissive only or by private individuals, who were so permitted as a matter of convenience; and that in any event there·was no continuous and uninterrupted use by any one for the prescriptive period.

Defendants further insist that in fact this particular way was not a roadway at all, but only a trail, and not suitable for vehicle travel. But complainant offered proof to the contrary, and to its use by such method.

Numerous witnesses were examined by the parties in support of their respective contentions. Several witnesses for complainant testified to the continuous and uninterrupted use of this roadway for a period

Beddow, Ray & Jones, of Birmingham, for appellee.

of more than twenty years; one' witness stating forty-seven years. That the road was never maintained by the public authorities presents no conclusive reason against granting complainant relief. Cabbell v. Williams, supra.

A short distance from complainant's place was what is known as the "rock house," an unusual rock formation viewed by the public, and defendants' witness Thomas stated, "there has been sixty years of pass-way into the rock house." Complainant offered evidence tending to show also that this roadway went to the "rock house," and for a long number of years proceeded to the left of the rocks as you approached it, and on to the New Castle road, but of recent years a way to the right has been used. But this "rock house" is some little distance from the lands of defendant Ritter, and any such slight change as from the left to the right of the rock is immaterial here. 28 Corpus Juris 375; Moon v. Lollar, 203 Ala. 672, 85 So. 6.

While there were woods or timber to some extent, yet this was farming property, and there was evidence tending to show that the road was through improved or reclaimed lands.

■■ The evidence has been read and studied with painstaking care. The witnesses were orally examined in the presence of the chancellor, who gave conscientious attention to the testimony of each witness, as disclosed by his pertinent questions to them while on the stand, and his careful survey of the diagram on the blackboard with reference to which their testimony was given. While this diagram is copied in the record for inspection here, and is helpful, yet from the very nature of the examination of the witnesses referring thereto, and with a pointer noting certain locations thereon, the chancellor had much the advantage over this court in that regard. And this advantage was in addition to that which he possessed by seeing and hearing the witnesses and noting their demeanor upon the stand. Moon v. Lollar, supra. There is no occasion here to discuss the proof. That there was ample evidence to sustain complainant's theory of the use of this roadway by the public generally, and as a matter of course, for a longer period than twenty years, continuously and uninterruptedly, is clear enough. This suffices, under our authorities, to raise a presumption of dedication by the owner. Locklin v. Tucker, 208 Ala. 155, 93 So. 896.

"As a general rule it seems now settled in this state that an open, defined roadway, in continuous use by the public as a highway, without let or hindrance, for a period of 20 years, becomes a public highway by prescription. With qualification as to wild, unused, and uninclosed lands, a presumption of dedication or other appropriation to public use arises. The burden is on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession." Central of Georgia R. Co. v. Faulkner, 217 Ala. 82, 114 So. 686, 687; Still v. Lovelady, 218 Ala. 19, 117 So. 481, 482; Newell v. Dempsey, 219 Ala. 634, 122 So. 881; Birmingham Trust & Savings Co. v. Mason, 222 Ala. 38, 130 So. 559.

Photographs were offered in evidence by defendants to show the rough character of the roadway and as an indication of its infrequent use.

A like argument presented in Still v. Lovelady, supra, was answered by the opinion as follows: "In the nature of the case the law lays down no fixed rule as to the quantum of travel over the road essential to impress upon it a public use. Although the chief users be a few families having a special need therefor, this does not of necessity stamp it as a private way. It is the character rather than the quantum of use that controls."

■■ We have stated there was ample evidence to sustain the chancellor's conclusion, and that the case is one peculiarly for the application of the rule of presumption in favor of the decree rendered. The suggestion of defendants that the chancellor (no written opinion appearing) considered the litigation between defendant J. B. Walters and one Jost in 1912, resulting in a decree enjoining said Walters from obstructing this roadway, was binding here as res adjudicata, is unsupported by the record. It was not made an issue by the pleading, and the decree was one by consent of the parties, and, therefore, under our authorities, not "strictly speaking res adjudicata." Cowley v. Farrow, 193 Ala. 381, 69 So. 114; Brasher v. First National Bank, 232 Ala. 340, 168 So. 42. It is evident, therefore, that the chancellor viewed the decree as properly to be considered in refutation of the theory there had been an interruption in the continuous public use of the roadway. Steele v. Sullivan, 70 Ala. 589; Harper v. State, 109 Ala. 66, 19 So. 901.

■ The decree was rendered by consent of defendant J. B. Walters, who is also

defendant here with a mortgage on the property and an interest in the result, and may be looked to as an admission on his part that the temporary obstruction by him was wrongful, and, therefore, such obstruction was not to be considered as an unambiguous act on his part sufficient to rebut the intention to dedicate. The chancellor appears to have given careful consideration to any evidence concerning an obstruction of this roadway.

One Parker in 1924 attempted to stake out his wife's claim to some of the land near the "rock house," and defendant J. B. Walters assisted. But Walters was not interested in this land or this particular survey, and only accompanied Parker.

 There is some confusion about other trails or roadways, but as we read the record the chancellor would be justified in the conclusion that this particular roadway (here involved) to complainant's place was not obstructed at that time, nor was it the intention then to close or, obstruct a roadway (29 Corpus Juris 376), but only to "stake off," so to speak, the claim of Parker's wife to some land in that vicinity, and that any obstruction was merely temporary as a result of the survey. In brief, the chancellor, we think, was justified in finding no obstruction of this particular roadway by any owner of the land such as to rebut the presumption of dedication by the public use for the prescriptive period. Indeed, it could have been found that this period had already passed and been completed when Parker was there in 1924. And, as we read the evidence, the location of any such confusion as to different ways is north of defendants' land, and not a part thereof.

As to the "Smith" map introduced by complainant for a limited purpose, we need only say that our consideration of the case here has been without reference thereto, and we think it clear enough no material consideration was given it by the chancellor, and that it played no part in the rendition of the decree. The result being correct without reference to any such map, we need not stop to further treat the assignment of error relating to the question of its admissibility. Willis v. State, 234 Ala. 642, 176 So. 612.

All parties well understood and were familiar with the way or road complainant was insisting had been unlawfully obstructed, and no confusion in that regard arose in the proof.

Whether or not better pleading would have required in the bill a more definite and minute description of the road involved, we need not stop to inquire, as in no event could such slight imperfection justify a reversal as to the decree on demurrer. We are inclined to the view, however, that the description given sufficed for all practical purposes.

It results as our conclusion that the decree of the chancellor should not be here disturbed. It is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.