196 So. 118

**WILLIAMS v. PRATHER et al.**

**4 Div. 121.**

Supreme Court of Alabama.

May 9, 1940.

J. B. Hicks, of Phenix City, and H. A. Ferrell, of Seale, for appellees.

Chauncey Sparks, of Eufaula, for appellant.

526

GARDNER, Chief Justice.

Complainant filed this bill seeking injunctive relief against respondents' obstruction of a certain road, which he insists is a public road, leading from the Hitchitie Settlement road and across the lands of respondents, into and through his lands.

There is no pretense this road was established or maintained by any public authorities, but complainant's case rests solely upon the doctrine of prescription through long and uninterrupted use thereof by the public as a matter of right. Ritter v. Hewitt, 236 Ala. 205, 181 So. 289; Central of Georgia R. Co. v. Faulkner, 217 Ala. 82, 114 So. 686; Newell v. Dempsey, 219 Ala. 634, 122 So. 881.

Nor is it questioned that complainant has shown damage peculiar to himself, that is, as to the matter of practical access from his lands to the public markets, and necessity for the road for the proper enjoyment of his property. Ritter v. Hewitt, supra.

The case presents purely a question of fact—whether the road is in fact a public road or only a private or plantation road, as some of the witnesses denominate it.

Respondents insist that whatever use was made of this road by the public was permissive only, and that there has been no such continuous and uninterrupted use by anyone for the prescriptive period of twenty years, such as to create a presumption of dedication. Newell v. Dempsey, supra.

On the motion to dissolve the preliminary injunction writ theretofore issued numerous affidavits were offered by the respective parties. Those for complainant tended to show continuous and uninterrupted use of the road by the parties as a matter of right for a period of more than twenty years, and pictures were introduced of some portions of the road indicating long usage,—some of the affidavits stating as much as fifty years or more. Most of these affidavits are of the same verbiage with changes only as to the length of time affiant had known the road, and it appears some of them were fully prepared when presented to the affiant for signature. A number of those giving affidavits to complainant (among them Arrant, Screws, Jackson and Kelly) subsequently repudiated the statement therein that the road was a public road, and made affidavits for respondents in support of the theory of its private character, and that whatever use was made of the road was permissive only.

In addition, respondents offer affidavits of a number of citizens familiar with the road to the effect it was always considered simply as a plantation road, and that no member of the public made use thereof as a matter of right.

Perhaps considered from the standpoint of affidavits alone, the preponderance of the proof supports respondents' theory of the case. But the submission was not on affidavits alone. Several of the affiants testified in the criminal prosecution case of complainant when charged with trespass,—the presiding judge being the same official who sat as chancellor in this equity proceeding. Among other issues in that prosecution was that of the character of this particular road, and the chancellor on that trial saw and heard the witnesses as they testified in regard thereto. The full record of that trial was by agreement offered in evidence on this submission, and its probative force as thus indicated cannot be disregarded. Nelson v. Hammonds, 173 Ala. 14, 55 So. 301.

There are other material facts disclosed by all the proof which we consider of much importance. Affiant Newsome gives a history of this road, and his affidavit discloses that in fact there have been in the course of forty-five years three roads along this general direction—all of a private character. He details the disagreement arising over one of these roads, and the change to the present road, and that this affiant himself built a wire fence across this road in 1916, which completely

closed it for two years or more. Then there was a gate across this road, sometimes kept closed; and in 1924, 1925 and 1926, when one Bellamy lived at the "Treadaway Home House" (as we understand the record, complainant now owns the Treadaway place), the gate across the road was "kept nailed up most of the time." Bellamy states that this road "comes to a dead end and stops in the upper part of the Treadaway place." On one of the maps in evidence, the terminus of this road is marked "cattle pen," which is on complainant's land, and where the proof shows a gate across the road. The proof is also to the effect there has been, and is now, a gate across this road on respondents' land.

We find no denial of these salient facts in complainant's affidavits. He states: "I have occupied or used land in this community for the last twelve years. During that time this road has been continuously used by the public. Although it might have been closed by a gate in the summer time, I never locked this gate, but it was left unlocked for the purpose of admitting, back and forth, the public in the use of said road. * * * It was a public road, continuously used by the public, although occasionally fastened to keep cattle in, but not by a permanent gate or fence. There was always left a gap open which the public could easily unlatch and continue along said public road."

■ It must be conceded that obstructions placed across a road, as indicated by this proof, is a strong indication that the use by others is permissive only, and the erection of a gate across a road tends to evidence an intention on the part of the owner to assume and assert ownership and possession of the land over which the road runs. Such was the holding of this court in Whaley v. Wilson, 120 Ala. 502, 24 So. 855, the criticism of which in Locklin v. Tucker, 208 Ala. 155, 93 So. 896, did not reach this particular question. See, also, 19 Corpus Juris 897, 898.

■ We think it clear enough from the proof the use by the public was largely confined to those persons who wanted to use the creek lands for fishing and hunting, and, indeed, the very "dead end" of the road at a gate on complainant's lands also indicates its limited use for those on his own as well as respondents' plantation. Each case must of course rest upon its own peculiar facts, but the discussion found in the opinion of Newell v. Dempsey, 219 Ala. 634, 122 So. 881, is helpful.

Complainant himself occupied respondents' land as tenant for some years and raised objections at times to the general use of the road by others. But in all events, admittedly, the gates have all along been across the road from time to time. From all the proof we think it clear that a permissive use only is shown.

Complainant's counsel argues that upon consideration of the motion to dissolve the injunction the matter of relative injury to one with no resultant harm to the other of the parties is to be weighed, and if the retention of the injunction will do respondents no harm, while its dissolution will work irreparable injury to complainant, the injunction will be retained for a final hearing of the cause. Profile Cotton Mills Co. v. Calhoun Water Co., 189 Ala. 181, 66 So. 50.

■ But this same authority states and gives application to another well-recognized rule (5 Pomeroy Equity Jur. section 264) to the effect that where there is grave doubt as to complainant's right, preliminary relief will generally be denied. See, also, to like effect, 32 Corpus Juris, § 680, p. 402. We think this latter principle applicable here.

■ It is reasonably apparent that all the material facts have on this hearing been presented, and all these facts being considered in conjunction with the admitted proof as herein outlined, foreshadows the final result contrary to complainant's theory of the case. Such being our conviction, the chancellor is not to be held in error in the decree dissolving the injunction.

■ It appears from a study of this record that the chancellor in fact was of the impression the submission was for final decree, and a decree was rendered in accordance with this view. But as we read the order of submission, it was only upon motion to dissolve, and it becomes necessary to correct the decree to the extent of giving it a limitation to the motion only.

Though mentioned in the pleading, we find no serious argument that the matter of the character of the road, whether public or private, became res adjudicata as to this proceeding by reason of complainant's acquittal in his prosecution case for tres-

pass, and we consider it needs no discussion here.

The decree appealed from is corrected, as hereinabove indicated, and as thus corrected will be affirmed, with the cost of this appeal to be taxed against appellant.

Corrected and affirmed. .

THOMAS, BOULDIN, and FOSTER, JJ., concur.