438

74 So.2d 240

**RAINEY v. CITY OF FT. PAYNE.**

**7 Div. 247.**

Supreme Court of Alabama.

June 24, 1954.

Rehearing Denied Aug. 30, 1954.

———————◆———————

L. B. Rainey, Gadsden, pro se.

Leonard L. Crawford, Ft. Payne, for appellee.

MERRILL, Justice.

This is an appeal from a final decree of the Circuit Court of De Kalb County, in Equity, denying the relief sought for and dismissing complainant's bill.

The appellant filed his bill against the City of Fort Payne claiming damages for what he termed the confiscation by the appellee of Lot No. 3, in Block No. 4 of Highland Addition, which property, along with Lots 1, 2 and 4, the appellant had inherited. The appellee denied the aver-

ments of the bill and answered by showing that the appellee had paved certain streets under a proper paving ordinance and that one of these streets occupied or covered most of Lot No. 3, but that this street or roadway had become a public street or highway by prescription or user by the general public continuously and without interruption for more than twenty years prior to the commencement of the said paving and that the appellee only paved that portion of the street or roadway that had been used as a street or road by the general public for the prescriptive period.

The evidence was taken before the Register and the Court's opinion stated, in part, as follows:

"The Court has concluded upon due consideration of the evidence in this case that the street or roadway involved in this law suit had become a public street or roadway by user or prescription by the public before complainant filed his suit in this case. It is the opinion of the Court that the City of Fort Payne had a legal right to grade and pave this street or roadway due to the fact that said street or roadway had been in continuous and uninterrupted use by the general public for more than 20 years before complainant filed his bill in this Court."

The Court also quoted from the case of Ritter v. Hewitt, 236 Ala. 205, 181 So. 289, 291, as follows:

"'As a general rule it seems now settled in this state that an open, defined roadway, in continuous use by the public as a highway, without let or hindrance, for a period of 20 years, becomes a public highway by prescription. With qualification as to wild, unused, and uninclosed lands, a presumption of dedication or other appropriation to public use arises. The burden is on the landowner to show the user was permissive only, in recognition of his title and right to reclaim the possession.'"

Both parties to this appeal agree that, "The question in this case is whether, at the

time the City of Fort Payne paved the roadway or street in question, said roadway or street had become a public street or highway by prescription or user."

In the instant case, the above quotation poses only a question of fact. The great weight of the evidence sustained the finding of the lower Court and we do not consider it necessary to extend this opinion with a discussion of the evidence. Code of 1940, Title 13, § 66.

The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.