167 So. 546

### EZZELL et al. v. FIRST NAT. BANK OF RUSSELLVILLE.

### 8 Div. 712.

Supreme Court of Alabama.

April 16, 1936.

Wm. L. Chenault, of Russellville, for appellants.

J. Foy Guin, of Russellville, for appellee.

KNIGHT, Justice.

Bill by complainant in the court below, appellee here, to have a certain deed of conveyance declared fraudulent and void as against the claims or demands of the complainant, a creditor of the grantor.

The appeal is prosecuted from a final decree of the law and equity court of Franklin county holding the conveyance fraudulent and void as against the complainant-creditor and directing the sale of the lands to satisfy the debt due the complainant by the respondents Eva Ezzell and A. B. Ezzell.

It is averred in the bill that the alleged consideration of the conveyance by the respondent Eva Ezzell to the respondent Lillian Ezzell was "simulated merely" and executed "in fraud of the complainant, a creditor as aforesaid, and to protect the respondent Eva Ezzell against the payment of complainant's claim for damages, and the judgment subsequently rendered thereon."

It appears from the evidence in the cause that the respondents Eva Ezzell and A. B. Ezzell were brother and sister, and that the respondent Lillian Ezzell was their niece.

The complainant on August 29, 1931, brought an action of ejectment against the said Eva Ezzell and A. B. Ezzell, and in this action the complainant recovered the land, and also recovered of the two defendants judgment for the sum of $625, for the detention of the same. This judgment was rendered on February 22, 1931.

It further appears without dispute from the evidence that the said Eva Ezzell and Lillian Ezzell jointly owned 120 acres of land in Franklin county, which had been conveyed to them by the mother of the said Eva Ezzell. This land was of small value, but upon it the three respondents resided at the time of the filing of the bill in this cause.

On the first day of October, 1931, the said Eva Ezzell conveyed her interest in this land to the respondent Lillian Ezzell, and it is this conveyance that the complainant seeks to have canceled as a fraud upon its rights as a creditor of the said Eva Ezzell.

The testimony of the respondents tended to show that at the time of the execution of this conveyance Eva Ezzell was indebted to Lillian Ezzell, for money borrowed, in a sum equal to, or greater than the value of the interest of the said grantor in the lands

conveyed, and that the true purpose and intent of the grantor in making the conveyance were to pay this indebtedness, and that it was so received.

The court, on final submission, entered a decree canceling the conveyance, and ordering a sale of the lands in satisfaction of complainant's claim, unless the respondents, within thirty days from the date of the decree, should pay to the complainant the amounts specified in the decree.

■ From this decree the appeal is prosecuted. The evidence in the cause was taken by deposition, and in such circumstances no presumptions are to be indulged by this court as to the findings of fact on which the decree is based. Andrews v. Grey, 199 Ala. 152, 74 So. 62; Blair et al. v. Jones et al., 201 Ala. 293, 78 So. 69; Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; Wood v. Foster, 229 Ala. 430, 157 So. 863; Code, § 10276.

■ This court is committed to the proposition that, while close relationship between the contracting parties is not a badge of fraud, yet such contracts will be subjected to a closer scrutiny than if the parties to it were strangers. Waddle v. Great Southern Phosphate Co., 184 Ala. 346, 63 So. 462, 463; Wimberly et al. v. Montgomery Fertilizer Co., 132 Ala. 107, 31 So. 524; Buell v. Miller, 224 Ala. 566, 141 So. 223.

■ This court in the case of McDowell v. Steele, 87 Ala. 493, 6 So. 288, speaking through Stone, C. J., said: "It is also well settled under our system that a failing debtor, who is unable to pay all his debts, may elect whom he will pay, and pay them in full, although he thereby disables himself to pay anything to his other creditors." This rule, or principle, was recently reaffirmed in the case of Birmingham Trust & Savings Co. v. Shelton (Ala.Sup.) 163 So. 593, 597.[1] However, as pointed out in those cases, the rule is not without its limitation. The arrangement or adjustment by which the creditor secures, or attempts to secure, his own claim must not stipulate for, or openly or secretly secure or provide, any benefit to the debtor beyond what the law, without such agreement, would secure to him.

■ The evidence in this case shows without question that the grantee in the alleged deed is a young woman of education; she is now and has been for ten years or more engaged in teaching in the public schools of this state, receiving for her services sufficient salary to enable her to support herself and to help her aunt by making her loans from time to time; and that, in addition to her salary, in 1925 she received from her father's estate some eight or nine hundred dollars, which she deposited in the complainant's bank.

We are satisfied from the evidence in this cause that, at the time of the execution of the conveyance by Eva Ezzell to the respondent Lillian Ezzell, the former was indebted to the latter for money loaned, in a sum fully equal to the value of the one-half interest of the grantor in the lands conveyed. The evidence further convinces us that this indebtedness constituted the real consideration for the conveyance. There is nothing in the evidence showing, or, in the remotest degree, tending to show any benefit was reserved or secured to the debtor. In short, we are at the conclusion the lower court erred in holding the conveyance to be fraudulent and void as against the complainant's claim or demand.

Under the evidence in this cause, the trial court should have entered a decree dismissing complainant's bill for lack of proof to sustain its allegations, and in not doing so, committed error.

The decree appealed from will be reversed, and one entered here dismissing complainant's bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

[1] 231 Ala. 62.