20 So.2d 469

**VALENZUELA v. SELLERS et al.**

I Div. 215.

Supreme Court of Alabama.

Dec. 14, 1944.

Rehearing Denied Jan. 25, 1945.

Jesse F. Hogan, of Mobile, for appellant.

D. R. Coley, Jr., of Mobile, for appellees.

GARDNER, Chief Justice.

The bill is filed by Eleanor B. Sellers and John W. Pace, Jr., each of whom owns a lot abutting an alley fifteen feet in width in the City of Mobile. The lot of complainant Sellers faces Government Street and runs back to this alley. That of complainant Pace faces Houston Street, the alley abutting his lot on one side. The alley in question extends from Houston Street to what is known as Weinacker Avenue (formerly Mary's Lane). Defendant Valenzuela is in possession of a house and lot which faces Government Street, the lot also running back to the alley. Though the title to the property is in the name of her daughter, it appears that the defendant lives on the property and operates a tourist home.

It is charged in the bill that the defendant extended the fence of the property in which she is in possession across said alleyway, and has completely obstructed and closed the same to such an extent that neither of complainants nor any other owner of property abutting on said alleyway may have and enjoy the use and benefits thereof. The bill charges that the complainants are deprived of proper and reasonable means of ingress and egress to their respective properties, and injunctive relief is sought, together with damages which are alleged to have been sustained. The cause was tried on pleadings and proof by way of depositions, resulting in a final decree in favor of complainants, so far as injunctive relief is sought, with reservation of jurisdiction in the decree for any further orders necessary for the proper enforcement thereof, and the assessment of such damages as may be deemed proper in the event said decree be not complied with by the defendant. From this decree defendant has prosecuted this appeal.

The proof establishes without dispute that this entire city block was at one time owned by Mrs. M. A. Robinson, who had the same surveyed, laid out into lots, and establishing this alleyway fifteen feet in width, selling the lots with reference to said alley. As we gather from the record, this was some thirty years ago. At any rate, the proof is clear enough this alley has been open to the public and recognized as such an alley connecting the two streets above mentioned, and serving

the abutting property owners for a period of more than twenty years. That this was such a dedication of this alley to the use, not only of the public but for the particular use of the abutting property owners, does not appear to be seriously questioned in brief of counsel for the defendant. 25 Am.Jur. p. 343; note to McCorkle v. Charleston, 58 A.L.R. p. 239; 7 Ala.Dig., Dedication, ☜1 et seq., p. 521 et seq.; City of Demopolis v. Webb, 87 Ala. 659, 6 So. 408; Ritter v. Hewitt, 236 Ala. 205, 181 So. 289; Still v. Lovelady, 218 Ala. 19, 117 So. 481; Ivey v. City of Birmingham, 190 Ala. 196, 67 So. 506.

The fence admittedly erected across this alley constituted a nuisance, subject to abatement by a court of equity. These complainants have suffered special injury, distinct from that suffered by them in common with the public at large, an injury so continuous in its nature that the ordinary remedy for damages would be inadequate. And it does not appear to be seriously questioned that a court of equity will assume jurisdiction to abate such a nuisance in a proper case. City of Troy v. Watkins, 201 Ala. 274, 78 So. 50; Whaley v. Wilson, 112 Ala. 627, 20 So. 922.

There is averment in the answer, and some suggestion in brief, that this alley had been abandoned. 16 Am.Jur. p. 412; 40 C.J.S., Highways, § 219, p. 216. But little stress is placed upon any such defense. True, there was much trash and debris thrown into a portion of the alley, and doubtless its use was much abused in other ways. But it is clear enough this was an alley open to use for more than twenty years, uninterruptedly by these abutting property owners and by the public at large. True, it might not have been to any great extent used by the travelling public, but as was observed in Still v. Lovelady, supra, it is the character rather than the quantum of use that controls. In any event, we think it too clear for further discussion there is no basis in the proof that this alley had been in any wise abandoned.

But the real defense, as we read the brief for the defendant, is based upon the theory that injunctive relief will lie only against the person doing the act which created or maintained, or aided or abetted in the creation or maintenance of the nuisance; citing 46 C.J. 741. The defendant is the wife of Guillermo Valenzuela, and insistence is made that the husband and not the wife erected this fence, and that she is in no wise responsible for the acts of the husband, who is the head of the family; with citation of Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L.R.A. 622, 46 Am.St. Rep. 122; Braxton v. State, 17 Ala. App. 167, 82 So. 657.

This presents purely a question of fact. The husband was a civil engineer, and was absent much of the time in Central America. The proof is abundant that the wife (defendant here) conducted the business of a tourist home on these premises, and was in full control of all that was done concerning the conduct of this business, as well as the management of the place. Though the husband was at home during the particular time at which this fence was erected, and though he insists that it was erected at his sole instigation and under his direction, yet there is evidence to the contrary, and positive proof to the effect that this defendant herself directed the erection of this fence.

To discuss the evidence here would serve no useful purpose. It has been given careful study, and we are persuaded that it justifies the conclusion reached by the trial court.

It results, therefore, that the decree rendered is correct and is due to be sustained. It is so ordered.

Affirmed.

THOMAS, FOSTER, and STAKELY, JJ., concur.