28 So.2d 207

## PARKER v. FULLER.

### 5 Div. 423.

Supreme Court of Alabama.

Dec. 5, 1946.

458

Chas. E. Fuller, Jr., of LaFayette, and W. Howell Morrow, of Lanett, for appellant.

Will O. Walton, of LaFayette, for appellee.

STAKELY, Justice.

This is an appeal from a final decree of the equity court refusing to enjoin Miss Emma Fuller (appellee) from placing a fence across and along the eastern side of a narrow strip of land lying between her property and the property of Mrs. Lurline D. Parker (appellant). Decision in the case turns on whether the strip of land about ten or twelve feet wide lying between these properties is a public alley or street. None of the witnesses were examined orally before the court and so the case comes here without any presumption in favor of the decree of the court. Ruf v. Davis et al., 232 Ala. 477, 168 So. 674; Ezzell et al. v. First Nat. Bank of Russellville, 232 Ala. 161, 167 So. 546.

Mrs. Lurline D. Parker owns a certain house and lot on Bluffton Street in the City of Lanett, Alabama. Bluffton Street runs east and west. Miss Emma Fuller also owns a certain house and lot on Bluffton Street in the City of Lanett, Alabama. Both lots face north on Bluffton Street and run back south. These properties are separated by a narrow strip of land, the subject of the present controversy, which runs south from Bluffton Street through the block to McLendon Street. The property of Mrs. Lurline D. Parker lies immediately east of the strip of land, while the property of Miss Emma Fuller is situated immediately west of the strip of land.

The testimony is rather voluminous, each litigant presenting about fifteen or sixteen witnesses. We have considered the testimony with great care. It is impracticable to set it all out. However, it appears to be without dispute that Miss Emma Fuller became the owner of her property, including the strip of land, in 1913. Since that time she has paid the taxes thereon. There is no proof that the strip of land has ever been dedicated by legal proceedings. The theory of complainant is that the strip of land became a public thoroughfare by prescription. Of course if it were such a thoroughfare then it could not be blockaded or enclosed by a fence. Valenzuela v. Sellers, 246 Ala. 329, 20 So.2d 469. This suit was filed June 18, 1945. Mrs. Lurline D. Parker became the owner of her property on May 3, 1941.

In order for a way to become a public street or alley by prescription there must be an uninterrupted user as a street

or alley by the general public without let or hindrance for a period of twenty years. Locklin v. Tucker, 208 Ala. 155, 93 So. 896; Ritter v. Hewitt, 236 Ala. 205, 181 So. 289; Scruggs v. Beason, 246 Ala. 405, 20 So. 2d 774.

The testimony is in sharp dispute as to the matter of user, some of the testimony tending to show a public user and some of the testimony denying such user. The testimony generally shows that up to about 1933 or 1934 the strip of land was covered with weeds and undergrowth and cut by gulleys. Tendencies of the evidence showed that prior to 1933 or 1934 there was a path through the property which pedestrians used from time to time and occasionally vehicles went through the property. There is evidence tending to show that prior to 1933 or 1934, vehicles could not get through the property and further that there was no public use by pedestrians prior to such dates. In 1933 or 1934 the City of Lanett had the strip of land graded which rendered it more passable for vehicles and tendencies of the evidence showed that from time to time taxis and delivery wagons would use it as a passageway and pedestrians would walk through. There is testimony tending to deny that such user was adverse to the owner. In view of the contradictions in the evidence there is no presumption in this case of a dedication by the owner. Newell v. Dempsey, 219 Ala. 634, 122 So. 881.

Not only is there no presumption of dedication by the owner, but there is evidence strongly tending to show that such use as the public may have made of the strip of land, was permissive only. For example C. R. Rutledge, witness for the respondent, testified in substance as follows: He had lived in the City of Lanett for about 43 years and was familiar with the strip of land in controversy. He served as Mayor for the City of Lanett for ten years and during his term of office some grading was done by the city in 1933 or 1934 on the strip of land. At the time water was overflowing a neighboring garden and the city by permission of Miss Emma Fuller did this work on the strip of land in order to stop the flow of water. Before the work was done the city authorities took the matter up with her to get her permission to do the work and the city and Miss Fuller had an understanding that she could close up the property whenever she wished. The city records do not show the property to be an alley or street and C. R. Rutledge testified that as Mayor he knew the property to be private and not a public street or alley and that it had not been used as a public thoroughfare. Bellview Cemetery Co. v. McEvers, 168 Ala. 535, 53 So. 272; Harper v. State, 109 Ala. 66, 19 So. 901; Gage v. Mobile & O. Ry. Co., 84 Ala. 224, 4 So. 415.

The burden of proof is on the complainant. We do not think that she has sustained the burden. We agree with the trial court and conclude that the owner never intended to dedicate the strip of land to the public and the use was not such use as to create a public thoroughfare. Authorities supra. The decree of the lower court is accordingly affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.