208 So.2d 210

**Mazie GODWIN**

v.

**Ken Richard JERKINS.**

**3 Div. 286.**

Supreme Court of Alabama.

March 7, 1968.

Wm. Roy Stokes, Brewton, for appellant.

Hugh M. Caffey, Jr., Brewton, for appellee.

SIMPSON, Justice.

This is an automobile accident case which was tried to a jury. The jury returned a verdict in favor of the defendant. The plaintiff thereupon filed a motion for new trial. The trial court denied the motion. This appeal was taken.

Appellant initially argues that the verdict of the jury is not sustained by the evidence.

The evidence, while not entirely consistent on each specific point, supports a finding for the defendant. In essence it is this:

The plaintiff was a passenger in her own automobile which was being driven at

the time of the accident by her friend, Albert Nelson. The plaintiff had agreed on the day in question to take a friend of hers from Brewton, Alabama to Pensacola, Florida and return. Apparently Nelson did the driving at the request of the plaintiff.

■ On the return trip, late in the afternoon (somewhere between 5:00 and 6:00 o'clock), Nelson attempted to pass a line of automobiles ahead of him and ran head-on into the automobile being driven by the defendant.

It is the plaintiff's contention that the defendant had no lights on and that under the conditions then existing, lights were necessary, and the failure to have lights on constituted negligence.

The defendant testified that he had lights on, at least parking lights; but that the sun had not gone down and his visibility extended far enough to see the automobile in which the plaintiff was riding some 100 yards ahead of him, saw it leave its lane of traffic and proceed into the defendant's lane.

The defendant also testified that at the time of the accident the automobile in which the plaintiff was riding was proceeding approximately 65 to 70 miles per hour.

There was evidence that the driver of the plaintiff's automobile was attempting to pass a long line of automobiles when the collision occurred.

The jury believed the evidence supportive of the defendant's contentions and rejected the contentions of the plaintiff. There is overwhelming evidence to support the verdict. It follows, therefore, particularly since the trial court denied a motion for a new trial on this ground, that the judgment based upon the verdict of the jury cannot be reversed on this ground. Callahan v. Booth, 275 Ala. 275, 154 So.2d 32; Thompson v. Magic City Trucking

Service, 275 Ala. 291, 154 So.2d 306; Smart v. Wambles, 271 Ala. 651, 127 So.2d 611.

■ Appellant next urges error in that the trial court refused to allow in evidence photographs of the plaintiff's automobile admittedly taken some time after the accident, after the automobile had been taken to Monroeville. The witness testified that the pictures were taken some week and a half after the accident, and after the automobile had been carried to the Ford place in Monroeville. The pictures are before us and we agree with the trial court that they do not depict the condition of the automobile immediately following the accident. There are several pieces of twisted metal lying about, completely dismantled from the body of the automobile.

■ In any event, the rule of this state is to the effect that the determination of the sufficiency of preliminary proofs offered to identify pictures and to show that such pictures accurately represent what they purport is a matter within the sound discretion of the trial court and his decision on sufficiency of the predicate so laid will not be reviewed by an appellate court except for abuse. It is a matter for the trial court in the exercise of his sound discretion to determine whether a photograph offered in evidence will aid the jury or tend to confuse or prejudice the jury. International Union, Etc. v. Russell, 264 Ala. 456, 88 So.2d 175; McKee v. State, 35 Ala. App. 174, 44 So.2d 777.

There is no error to reverse on this assignment.

■ The only other assignment of error seriously argued is that the trial court erred in not excluding testimony relating to the speed at which the automobile in which the plaintiff was traveling was moving. We have consistently held that testimony as to speed of an automobile is admissible even though the witness giving such testimony had only a brief opportunity to observe the

speed, the momentary observation going to the weight of the testimony and not to its admissibility. Cole, Inc. v. Walker, 240 Ala. 683, 200 So. 768.

There is no error to reverse this case.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.