231 So.2d 750

LIBERTY NATIONAL LIFE INSURANCE COMPANY, a Corporation

v.

Mackie Lou KENDRICK.

3 Div. 6.

Court of Civil Appeals of Alabama.

Feb. 11, 1970.

Edwin C. Page, Jr., Evergreen, for appellant.

**426**

William D. Melton, Evergreen, for appellee.

BRADLEY, Judge.

The plaintiff-appellee, Mackie Lou Kendrick, filed an action in the Circuit Court of Conecuh County, Alabama, against the defendant-appellant, Liberty National Life Insurance Company, on a policy of insurance seeking benefits in the amount of $2,000.00 as the result of the death of the insured. The particular provision of the policy sued on provided that benefits in the amount of $4,000.00 would be payable if the insured died as a result of injuries sustained "while riding in an automobile on a public street or highway." It should be pointed out here that the evidence reflected that $2,000.00 had been paid by the insurer to the appellee on the policy. This amount was not in issue.

The defendant-appellant filed three special pleas and the plea of the general issue.

The appellant states in brief that issue was joined on the question of whether deceased-insured lost his life on a public street or highway.

After trial, there was a jury verdict in favor of plaintiff-appellee for $2,000.00.

The appellant then filed a motion for new trial which contained fifteen grounds. The trial court, after a hearing thereon, denied said motion.

There was an appeal from the final judgment of the court and from the ruling on the motion for new trial.

There were six assignments of error; one having to do with the overruling of

the motion for new trial, two of them relating to the refusal of the trial court to grant to the defendant the general affirmative charge, and three of them concerning the refusal by the trial court to admit into evidence a map and photographs of the scene of the accident.

The appellant states in brief that the sole issue presented to the trial court and jury was whether the deceased died from injuries received in an auto accident that occurred on a public or private roadway, i.e., Binion Pool Road. And, he says this was a question of fact to be decided by the court and jury.

The appellant argues this question under assignment of error one, i.e., the overruling of the motion for new trial.

This is the second time this case has been before an appellate court in Alabama. The first time it was appealed, the Supreme Court reversed it for improper argument made to the jury by counsel for plaintiff-appellee. Liberty National Life Ins. Co. v. Kendrick, 282 Ala. 227, 210 So. 2d 701.

However, on that first appeal, the Supreme Court also considered the question of whether the accident occurred on a public or private road within the meaning of the same policy now in question.

In its opinion, the Supreme Court delineated a considerable portion of the evidence presented to the trial jury on the main issue. And then said:

"It is the character rather than the quantum of use that controls in determining whether a way is public or private. Valenzuela v. Sellers, 246 Ala. 329, 20 So.2d 469; Still v. Lovelady, 218 Ala. 19, 117 So. 481.

"The placing of stock gaps or gates to control livestock would not keep a road from becoming a public road where it was 'evident that by placing the stock gaps beside the gates, there was no interruption of the use by foot or automo-tive vehicles.' Huggins v. Turner, 258 Ala. 7, 60 So.2d 909.

"We do not consider Rodgers v. Commercial Casualty Ins. Co., 237 Ala. 301, 186 So. 684, apt authority because it was a 'path' case and not a road used by vehicular traffic.

"Under the evidence and the authorities cited supra, we cannot say the trial court erred in refusing to give the requested affirmative charge for appellant, or that the verdict is opposed to the weight of the evidence as insisted by appellant."

■ This court has carefully examined the evidence in the record now before it, and finds that the evidence submitted on the main issue is, for all practical purposes, almost the same as that presented to the Supreme Court on the first appeal as set out in its opinion. Therefore, this court is, as was the Supreme Court in the first appeal, of the opinion that the trial court did not err in refusing the requested affirmative charges and in finding that the verdict was not opposed to the weight of the evidence as contended in the motion for new trial. Liberty National Life Ins. Co. v. Kendrick, supra.

The other issue raised by the assignments of error concerns the refusal by the trial court to admit into evidence certain photographs and a map of the accident scene.

■ Objection was made to the introduction of the several photographs allegedly depicting the roadway in question, and the surrounding area; and the objection was sustained. The objection pointed out that the photographs were too remote in time to be of any value to the jury. The evidence had shown a lapse of time of about two years from the accident to the date the photographs were made.

Furthermore, the issue to be resolved by the court and jury, as admitted in appellant's brief was whether or not this was a public or private road. And, it was not

clear from the offer of the photographs by the appellant whether they were relevant to the issue before the court and jury.

The Supreme Court of Alabama in Godwin v. Jerkins, 282 Ala. 11, 208 So.2d 210, had this to say:

"* * * the rule of this state is to the effect that the determination of the sufficiency of preliminary proofs offered to identify pictures and to show that such pictures accurately represent what they purport is a matter within the sound discretion of the trial court and his decision on sufficiency of the predicate so laid will not be reviewed by an appellate court except for abuse. It is a matter for the trial court in the exercise of his sound discretion to determine whether a photograph offered in evidence will aid the jury or tend to confuse or prejudice the jury. * * *"

Considering the evidence the trial court had heard relating to whether the Binion Pool Road was public or private, and considering the length of time that had elpased between the date of the accident and the date of the photographs, with the changes that logically could have occurred, such as grass growing on the edge of the roadway, or not growing thereon, foliage on bushes and trees, or the absence of foliage thereon, all being dependent on the seasons and the condition of the roadway itself, whether worn by traffic or weather, and its upkeep and repair; we are, therefore, unable to say that the trial judge abused his discretion in refusing to admit the photographs offered by appellant.

██ Assignment of error number four raised the question of whether the trial court erred in refusing to admit into evidence a map showing the same general premises as that purportedly shown by the photographs.

The objection to the map was on the ground not only of remoteness in time, i.e., about two years from date of accident to the date of the map of the premises, but also on its being incompetent and immaterial to the issue before the court and jury.

The evidence offered to support the admissibility of the map failed to show a sufficient relationship to the issue before the court to be of any benefit to the jury; therefore it was not an abuse of discretion on the part of the court to refuse to admit the map into evidence. Godwin v. Jerkins, supra.

There being no error to reverse in this case, it is affirmed.

Affirmed.