275 So.2d 662

Nathaniel **WALKER**, as Adm'r of the Estate of Bernice Walker, Deceased

v.

Joe **MAYER**.

SC 85.

Supreme Court of Alabama.

April 5, 1973.

Taylor Wilkins, Jr., Bay Minette, for appellant.

Chason, Stone & Chason and Charles C. Partin, Bay Minette, for appellee.

COLEMAN, Justice.

From adverse judgment in action for wrongful death, which allegedly occurred when defendant's motor vehicle struck plaintiff's intestate on a public road at night, appellant appeals and assigns as errors two rulings of the trial court sustaining objections to admitting into evidence some pictures or photographs offered by appellant.

The offer and rulings were made during the direct examination of a police officer who investigated the accident shortly after it occurred. The transcript of the testimony of the officer pertinent to the question presented recites as follows:

"Q. What did your investigation of the accident reveal there?

"A. Well he was travelling 59 going down and she was walking north facing traffic and when I arri(v)ed on the scene there had been a lot of cars there and I could not pick up no marking.

"Q. You didn't see any skid marks?

"A. No sir.

"Q. You made an accident report?

"A. I did.

"Q. You have one with you now, don't you?

"A. Yes sir.

"Q. I would like for you to look at these pictures and see if you can recognize that area there—Those photographs—

"A. Yes sir.

"Q. Look through them all. Where are the scenes in those pictures located?

"A. Here is where she was in the ditch.

"Q. Is that the area where the accident took place?

"A. Yes sir, right on the side of the road.

"Q. Do you have an opinion of those—if those pictures depict the scene of the accident as it occurred that night?

"MR. CHASON: Object; the proper predicate has not been laid.

"THE COURT: Overrule the objection.

"MR. CHASON: We except.

"Q. Tell me if you have an opinion?

"A. That is it.

"Q. You do?

"A. Yes sir.

"Q. Is this the area where the accident took place?

"A. Yes sir.

"MR. WILKINS: I would like to introduce these in evidence.

"MR. CHASON: I object on the ground the proper predicate has not been laid; it is not shown when they were taken; who took them; the—whether the conditions as those that existed immediately after the accident.

"THE COURT: As I understood it, he was offering those merely to show the scene.

"MR. CHASON: If you put them in for one purpose, they are in.

"MR. WILKINS: I asked him if they correctly depicted the scene here that night.

"MR. CHASON: He didn't say at the time. The pictures might have been taken a month or six months later.

"THE COURT: Sustain the objection.

"Q. Do the scenes in these pictures correctly depict the scene of the accident at the time the accident occurred?—This is the same scene as far as it not being night or day?

"A. That is the same place it happened; that is the same scene where it happened.

"Q. Do these pictures correctly depict the surrounding area and what is there, etc. as at the time the accident occurred that night?

"A. Yes sir.

"Q. Other than it being night time?

"A. Yes sir.

"MR. WILKINS: I re-offer them.

"MR. CHASON: According to the testimony he has given, when he got there there were numerous cars there—One of the pictures pretends to protray tracks and according to the evidence there were other cars on the shoulder, and, therefore, no picture could protray it.

"THE COURT: Sustain the objection.

"MR. WILKINS: Except."

The record does not show that the photographs were ever marked for identification. The photographs are not included in the record before us and are not identified or described otherwise than in the testimony quoted above. It appears that more than one photograph was offered, but the number offered does not appear.

■ In reviewing an action for damages resulting from an automobile collision, this court said:

"Appellant next urges error in that the trial court refused to allow in evidence photographs of the plaintiff's automobile admittedly taken some time after the accident, after the automobile had been taken to Monroeville. The witness testified that the pictures were taken some week and a half after the accident, and after the automobile had been carried to the Ford place in Monroeville. The pictures are before us and we agree with the trial court that they do not depict the condition of the automobile immediately following the accident. There are several pieces of twisted metal lying about, completely dismantled from the body of the automobile.

"In any event, the rule of this state is to the effect that the determination of the sufficiency of preliminary proofs offered to identify pictures and to show that such pictures accurately represent what they purport is a matter within the sound discretion of the trial court and his decision on sufficiency of the predicate so laid will not be reviewed by an appellate court except for abuse. It is a matter for the trial court in the exercise

of his sound discretion to determine whether a photograph offered in evidence will aid the jury or tend to confuse or prejudice the jury. International Union, Etc. v. Russell, 264 Ala. 456, 88 So.2d 175; McKee v. State, 35 Ala.App. 174, 44 So.2d 777.

"There is no error to reverse on this assignment." Godwin v. Jerkins, 282 Ala. 11, 12, 208 So.2d 210, 212.

In another automobile accident case, the court said:

". . . In fact the determination of the sufficiency of preliminary proofs offered to identify pictures and to show that such pictures accurately represent what they purport to portray is a matter within the sound discretion of the trial court and his decision on the sufficiency of the predicate so laid will not be reviewed here except for abuse. . . ." Cash v. Usrey, 278 Ala. 313, 315, 178 So.2d 91, 93.

In *International Union*, supra, this court said:

"The determination of the sufficiency of the preliminary proofs offered to identify the photograph or to show that it is an accurate representation of the objects which it purports to portray is a matter within the sound discretion of the trial court and will not be reviewable except for gross abuse. McKee v. State, 253 Ala. 235, 44 So.2d 781.

"It is likewise a matter for the trial court in the exercise of his sound discretion to determine whether the motion picture will aid the jury or tend to confuse or prejudice the jury. (Citations Omitted)." (264 Ala. at 470, 88 So.2d at 186)

See also: Williams v. Wicker, 235 Ala. 348, 179 So. 250.

■ The reason for another principle also seems to control here. This court has said:

"The rule is that, when documentary evidence is offered, considered by the court below, and not before us on appeal, we cannot review the decision of the court below on questions involving a consideration of such evidence. . . ." Cooke v. Fenner & Beane, 214 Ala. 558, 561, 108 So. 370, 373.

The objection here made appears to suggest that one of the photographs showed tire tracks made by some motor vehicle. The witness had testified that he did not see any skid marks. It may be that the photograph showed material differences from the conditions that actually existed at the time of the accident. On the record before us, a determination by this court as to what the photograph showed would necessarily rest on speculation.

We are not persuaded that we would be justified in holding on this record that the trial court abused its discretion in sustaining objection to admission of the photographs offered by appellant.

Consideration of appellee's motion is pretermitted.

Affirmed.

McCALL, J., concurs.

HEFLIN, C. J., and MERRILL, HARWOOD, BLOODWORTH, MADDOX, FAULKNER and JONES, JJ., concur specially.

BLOODWORTH, Justice (concurring specially).

I concur in Mr. Justice Coleman's opinion, insofar as it holds that we will not reverse the trial court in this case for sustaining an objection to the photographs because the photographs are not before us.

The opinion seems to me to suggest that the trial judge might have also acted within his discretion in sustaining the objection because of some conflict between the witness' testimony that he did not see any skid marks and the actual photographs which may have shown tire tracks. I cannot

agree that this is a ground upon which to affirm the trial judge.

HEFLIN, C. J., and MERRILL, HAR-WOOD, MADDOX, FAULKNER and JONES, JJ., concur.