PER CURIAM.
Tucker sued the ■ Suttles for blocking a road leading from a paved road over his land, and over land owned by the Suttles. This blockage deprived Tucker of a convenient and direct access to a public highway.
Tucker contended that the road was public, and had been for more than 50 years. To that contention, the Suttles say, well, it may have been a public road in the past, but for the last 25 years there has been little to no use of the alleged road. Therefore, it is no longer a public road.
After hearing the case ore tenus, and after personally viewing the lands relating to the disputed roadway, the trial court found:
The road in dispute is located on lands situated near the Odenville area, a community located in western St. Clair County, Alabama, and is near churches and other development areas of the community of Odenville, Alabama.
The Court finds that the road, as described in the complaint, leading across the lands owned by the defendants to the lands owned by the plaintiff is a public road, and had been used by the public continuously for many years.
The Court finds from the testimony that many years ago in the vicinity of where the plaintiff’s property is located, that there were several homeplaces; that the residents used the said road as a means of ingress and egress; that one of the witnesses, viz: T. M. Campbell testified that he had lived in the vicinity of the said road for sixty years, and that he had traveled the said road on many occasions going from Odenville to a water mill known as Coleman Mill; that the last time he traveled the road was in the early 1950’s; that the road was considered public.
Other witnesses testified that the road was used by the public.
*267 The plaintiff testified that even though the public in general has not used the road in several years, he and his family have continued to use the road as a means of ingress and egress up and to the time the defendants stopped them prior to the filing of the complaint.
The Court further notes that a geodetic survey map of the areas was introduced into evidence which clearly defined the road in question.
The Court further finds that the defendants were well aware of the plaintiff’s contention that the road was public at the time he blocked the road and prohibited the plaintiff from using said road.
After hearing the testimony, the Court accompanied by the attorneys representing the plaintiff and defendants, went to the property and personally viewed the old road. From viewing the area, the Court has determined that there clearly is a road bed as described in the complaint.
From these findings, the trial court ordered the obstruction removed, and enjoined the Suttles from closing or blocking the road, or in “any manner obstructing the public road.”
As a general rule, an open, defined roadway in continuous use by the public, without let or hindrance for a period of 20 years becomes a public road by prescription. The burden is on the landowner to show permissive use only in recognition of his title, and his right to reclaim possession. Ritter v. Hewitt, 236 Ala. 205, 181 So. 289 (1938); Scruggs v. Benson, 246 Ala. 405, 20 So.2d 774 (1945).
This Court has said that it is the character rather than the quantum of use that controls whether a road is public. Valenzuela v. Sellers, 246 Ala. 329, 20 So.2d 469 (1945). Here, the character of the road was clearly defined by a geodetic survey; the trial judge viewed the road, and found it to exist. We, therefore, conclude that the character of the road, rather than the quantum of use is controlling. Finally, the fact that the “public” has moved out does not destroy the character of the road. Davis v. Linden, 340 So.2d 775 (Ala.1976).
We opine that the trial judge was correct in finding the disputed road to be a public one. His decree is, therefore, affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON, EM-BRY and ADAMS, JJ., concur.