SCRUGGS, Retired Circuit Judge.
This case concerns the common-law dedication of a public' way.
McCoy’s farm was transected by an interstate highway in 1964, with an eight-acre tract remaining north of the highway. Since his existing method of entry to that field was eliminated by the highway, in 1964 McCoy and his tenant cleared bushes from a fifteen-foot strip of land (strip) running north from his small tract to a public road, and they also filled some holes with gravel. None of the parties owned that strip. He and his tenant thereafter used the road to gain access to his eight-acre field for farming purposes. That use was without significant interference until in April 1977, when Walker enclosed the strip by a fence and planted it in soybeans. A fertilizer truck had already spread fertilizer on McCoy’s field. McCoy and his tenant sought a permanent injunction against blocking the strip and also desired consequential damages.
A public way may be established by many methods, some of which being by the delivery and acceptance of a conveyance, by condemnation, by other statutory proceedings such as dedication, by prescription whereby the way is used by the public for at least twenty years, and, lastly, by a common-law dedication. Ford v. Alabama *71 By-Products Corp., 392 So.2d 217 (Ala.1980); Powell v. Hopkins, 288 Ala. 466 at 472, 262 So.2d 289 at 294 (1972).
McCoy concedes that the strip could have become a public road only through a common-law dedication. A dedication under the common law consisted of an intent by the owner to dedicate the property and an acceptance by the public or by some authorized person or body of persons acting in its behalf; and, in that regard public acceptance by public use may be shown. Hall v. Polk, 363 So.2d 300 (Ala.1978); Trustees of Howard College v. McNabb, 288 Ala. 564 at 571, 263 So.2d 664 at 670 (1972); Smith v. City of Dothan, 211 Ala. 338, 100 So. 501 (1924).
Here, the only problem is over acceptance and McCoy contends that their use of this strip for ingress and egress to his eight acres constituted adequate evidence of the public acceptance of the strip. We disagree. The only use disclosed by the evidence was either by McCoy, his tenant or by the fertilizer truck. All of the evidence upon the issue has been previously detailed. It was inadequate proof of acceptance. The evidence rather indicates a private utilization of the strip for a limited purpose, farming, by only three people without any specifics as to how often they traveled over it. That could hardly be characterized as public acceptance by its general use by the public. Parker v. Fuller, 248 Ala. 457, 28 So.2d 207 (1946).
Since the strip was not dedicated as a public way according to the common law, McCoy and his tenant, the plaintiffs, could only have a cause of action against the landowners who obstructed it if the plaintiffs had acquired some personal private right, title, claim or interest in and to the strip, or its use. This they did not possess. The plaintiffs’ recovery of any of the relief sought would have to be founded upon their own legal right to use the strip and could not be based exclusively upon any weakness in the defendants’ ownership of it. Having shown no lawful right of use on their behalf, they could not recover from the defendants for fencing in and cultivating the strip.
Accordingly, we find no fault in the action of the trial court as to any issue raised, and we affirm.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.