The Fox Trail Hunting Club ("the Hunting Club"), an unincorporated association, and Kenneth E. Battles and Larry Larue, members of the Hunting Club, sued Howard McDaniel and Carolyn McDaniel on November 26, 1997, seeking the declaration of a public roadway by prescription and seeking an injunction prohibiting the defendants from blocking or obstructing the roadway. The Hunting Club, Battles, and Larue also sought, on that same day, an ex parte restraining order preventing the McDaniels from blocking access to the road. The court entered the restraining order on December 18, 1997.
On March 24, 1998, the Hunting Club, Battles, and Larue amended their complaint to add a count for adverse possession and to add Paul Bowlin and Julia Henderson as defendants. On September 14, 1998, the Hunting Club, Battles, and Larue again amended their complaint to add Luther S. Gartrell III as a real party in interest, because he owns the property that is leased by the Hunting Club, Battles, and Larue.
Following an ore tenus proceeding, the trial court entered the following order:
 "1. The old roadway in dispute is located in St. Clair County near Ashville, *Page 1153 
Alabama and goes from Old Bowlin Bridge Road (now Pinedale Road) to Interstate 59 and is known as the Old Partlow Road and in some places is . . . impassable.
 "2. Prior to the construction of Interstate 59 and U.S. Highway 231, this roadway known as Partlow Road was used to some extent to travel from Ashville to Whitney by some members of the general public.
 "3. Since the split of the roadway by the Interstate, the character of its use has changed and the amount of its use by the public has been limited mainly to hunters and some nearby property owners.
 "4. The said road is not shown on a geodetic survey map nor is it shown on the most current tax map.
 "5. When the construction of Interstate 59 was completed, it split the old road. However, the portion lying south of Interstate 59 has been abandoned and is used sparingly only by hunters and property owners.
 "6. The use and access of the road was not restricted until 1996 when the Defendants placed obstructions at two (2) separate locations on the road.
 "7. A portion of the road crosses the Timber Company property, and the Timber Company denies that the road is a public road, and the Timber Company had to rework the road because it was impassable.
 "8. The Defendants have proven non-use or abandonment of the Old Partlow Road for twenty (20) consecutive years and have shown no use by the public except for hunters and nearby land owners.
 "It is therefore ORDERED that the old road made the basis of this suit, having once been used as a public road, is now found to have been abandoned for a period of more than twenty (20) years and is declared to be a non-public road."
The plaintiffs appealed, following the denial of their postjudgment motion. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
The trial court noted that the facts presented by the parties were largely undisputed. Where evidence is presented ore tenus, a presumption of correctness attaches to the trial court's judgment based on that evidence, and that judgment will not be disturbed on appeal unless it is palpably wrong or manifestly unjust. Hereford v. Gingo-Morgan Park,551 So.2d 918 (Ala. 1989). However, where the evidence presented to the court is undisputed, "this court [on appeal] `shall consider the evidencede novo, indulging no presumption in favor of the trial court's determinations.'" Arp v. Edmonds, 706 So.2d 736, 738 (Ala.Civ.App. 1997), quoting Sasser v. Spartan Foods Sys., Inc., 452 So.2d 475, 477
(Ala. 1984). We will review this case de novo.
Before 1960, the Partlow Road was used by the general public for traveling from Ashville northwest to Whitney and to Highway 11. When Interstate 59 was constructed, about 1960, it split the Partlow Road in half. The section of Partlow Road on the north side of Interstate 59 is paved and was renamed "Sweat Road" for purposes of Emergency 911 services. The section of Partlow Road to the south of Interstate 59 is the section of the road now in dispute.
Gartrell owns property on both the north side and the south side of Interstate 59. He leases some of this property to the Hunting Club. Gartrell testified that his property on the south side of Interstate 59 is accessed by turning off Pinedale Road onto the disputed section of Partlow Road *Page 1154 
and traveling north to his property. The property is also accessible by traveling across the adjoining property owned by Shirley Satterfield. Gartrell stated that the road across Satterfield's property is a private road and that Satterfield would not always permit it to be used. The defendants own property located between Pinedale Road and Gartrell's property. Partlow Road runs through the defendants' property to Gartrell's property.
Once the interstate highway was constructed, the use of Partlow Road by the public decreased drastically; however, the evidence indicates that the road was still used by hunters, landowners, and timber harvesters to access the properties located along the road. The evidence also indicates that some sections of the road had fallen into a state of disrepair; however, an employee of a timber company that had harvested timber on property located off of Partlow Road testified that the road was discernible and "had a bed to it." He also testified that someone had placed some 2" x 6" boards in mud holes for traction and that it appeared that the road had been used by hunters driving four-wheel-drive vehicles. The defendants restricted the use and access of Partlow Road by placing a gate and a cable across the road in two locations in the early and mid 1990s. This litigation resulted.
A public road is established in one of the following three ways: (1) by a regular proceeding for that purpose; (2) by a dedication of the road by the owner of the land it crosses and a subsequent acceptance by the proper authorities; or (3) by the road's being used generally by the public for a period of 20 years. Auerbach v. Parker, 544 So.2d 943 (Ala. 1989). Our supreme court has stated:
 "As a general rule, an open, defined roadway in continuous use by the public, without let or hindrance for a period of 20 years becomes a public road by prescription. The burden is on the landowner to show permissive use only in recognition of his title, and his right to reclaim possession."
Suttle v. Tucker, 398 So.2d 266, 267 (Ala. 1981). We conclude that the trial court correctly determined that the Partlow Road had been a public road. The record supports a finding that at one point the Partlow Road had been generally used by the public for a period of 20 years and was, therefore, a public road by prescription.
We must now determine, however, whether the trial court's determination that the Partlow Road had been abandoned is supported by the evidence. A public road may be abandoned in one of several ways: (1) by a formal, statutory action; (2) by nonuse for a period of 20 years; and (3) where one road replaces another, by an abandonment of the public road caused nonuse for a period short of the time of prescription. Kennedy v.Hines, 660 So.2d 1335 (Ala.Civ.App. 1995). The undisputed evidence shows that once Interstate 59 was constructed the use of the disputed section of Partlow Road decreased substantially; nevertheless, it continued to be used by local landowners, hunters, and timber harvesters. We note that "it is the character rather than the quantum of use that controls whether a road is public." Tucker, 398 So.2d at 267. "The fact that travel on the road may have decreased does not work an abandonment so long as it is open for use by the public generally and is being used by those who desire, or have the occasion to use it." Parker, 544 So.2d at 946. Further, although sections of a public road have fallen into a state of disrepair, we note that it is not essential to the status of a public road that it be maintained by the county in which the road is located.Hines, supra. *Page 1155 
After carefully reviewing the record, we conclude that the trial court misapplied the law to the facts of the case. Although the use of Partlow Road by the public has decreased since the construction of Interstate 59, local landowners, hunters, and timber harvesters have continued to use it. Because the road has not been in "nonuse" for a period of 20 years, the trial court erred in determining that Partlow Road had been abandoned and was no longer a public road. Accordingly, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.