On Application for Rehearing

BRYAN, Judge.
The no-opinion affirmance of February 12, 2010, is withdrawn, and the following is substituted therefor.
Carol J. Tucker and Donald L. Tucker, the defendants below, appeal from a judgment finding that a dirt roadway located on their property (“the disputed roadway”) *1264 is part of a public dirt road named Lower Mill Road, ordering the Tuckers to remove a chain blocking the southern end of the disputed roadway, and enjoining the Tuckers from blocking the disputed roadway in the future. We reverse and remand with instructions.
Luther Gene Moorehouse, the plaintiff below, owns a parcel of land (“the Moore-house parcel”) in St. Clair County that is generally rectangular in shape. The Tuckers own a parcel of land (“the Tucker parcel”) in St. Clair County that abuts the entire northern boundary of the Moore-house parcel and the northern half of the eastern boundary of the Moorehouse parcel. The portion of the Tucker parcel that abuts the eastern boundary of the Moore-house parcel is a narrow strip of land (“the strip”) bounded on the east by a parcel of land owned by persons who are not parties to this action. A couple named Suttle, who are not parties to this action, own a square-shaped parcel of land (“the Suttle parcel”) in St. Clair County that abuts the southern half of the eastern boundary of the Moorehouse parcel and the southern boundary of the strip.
Access to the Moorehouse parcel, the Tucker parcel, and the Suttle parcel is provided by a dirt road named Lower Mill Road. Lower Mill Road runs generally north from Liberty Road, the closest paved road, across several parcels of land that are owned by persons who are not parties to this action until it reaches the southeastern corner of the Suttle parcel. Upon reaching the southeastern corner of the Suttle parcel, Lower Mill Road runs diagonally across the Suttle parcel in a generally northwesterly direction to the northwestern corner of the Suttle parcel. At the northwestern corner of the Suttle parcel, Lower Mill Road intersects with the southern terminus of the disputed roadway, which is located on the strip.
Moorehouse contends that the disputed roadway is part of Lower Mill Road; that Lower Mill Road was determined to be a public road in a 1979 action (“the 1979 action”) brought by the Tuckers’ predecessors in title, who were Donald L. Tucker’s parents, against the Suttles;[1] and that, therefore, they have the right to use the disputed roadway. The Tuckers, on the other hand, contend that the disputed roadway is not part of Lower Mill Road; rather, they contend, the disputed roadway is their private driveway. Specifically, the Tuckers contend that, when Lower Mill Road was determined to be a public road in the 1979 action, it ran from the northwestern corner of the Suttle parcel in a generally northwesterly direction through the middle of a pasture on the Moorehouse parcel to the Tucker parcel rather than in a northerly direction on the strip. They further contend that, after Lower Mill Road was adjudicated to be a public road in the 1979 action, Moorehouse’s parents, who are his predecessors in title, entered into a written agreement with Donald L. Tucker’s parents titled “Covenant Running With the Land.” According to the Tuckers, this Covenant Running With the Land provided that Moorehouse’s parents would deed the strip to Donald L. Tucker’s parents so that they could use the strip to access their parcel in exchange for Donald L. Tucker’s parents’ agreeing that they and their heirs, successors, and assigns would abandon their use of the portion of Lower Mill Road that ran in a northwesterly direction through the middle of a pasture on the Moorehouse parcel. The Tuckers contend that Moorehouse’s parents subsequently deeded the strip to Donald L. Tucker’s parents; that Donald L. Tucker’s parents constructed a private *1265 driveway on the strip, which is the disputed roadway; and that Donald L. Tucker’s parents and their assigns, i.e., the Tuckers, abandoned their use of the portion of Lower Mill Road that ran in a northwesterly direction through the middle of a pasture on the Moorehouse parcel. Thus, the Tuckers contend that Moorehouse does not have the right to use the disputed roadway because, they say, it is their private driveway rather than a portion of Lower Mill Road.
At some point before February 26, 2008, the Tuckers prevented Moorehouse from using the disputed roadway by placing a chain across its southern terminus, which prompted Moorehouse to sue the Tuckers on February 26, 2008. Moorehouse alleged that the Tuckers had blocked Lower Mill Road, that Lower Mill Road had been adjudicated to be a public road in the 1979 action, that Lower Mill Road was still a public road, and that Moorehouse needed to use the portion of Lower Mill Road abutting the eastern boundary of his parcel in order to access the northern portions of his parcel. As relief, Moorehouse sought a judgment determining that Lower Mill Road was still a public road, an injunction preventing the Tuckers from blocking Lower Mill Road in the future, and an award of damages to compensate him for losing the use of the portion of Lower Mill Road that abutted the eastern boundary of his parcel while it was blocked by the Tuckers.
Answering, the Tuckers denied the material allegations of Moorehouse’s complaint and asserted various affirmative defenses.
The trial court set Moorehouse’s action for trial on November 27, 2007. On February 4, 2008, the trial court entered a judgment stating:
“This cause having heretofore been set for final hearing on November 27, 2007, and the Plaintiff, Luther Gene Moorehouse being present in Court with his attorney, the Honorable Fred W. Teague, and the Defendants, Donald L. Tucker and Carol L. Tucker, being present in Court with their attorney the Hon. Dale Stracner, the Court proceeded to consider the issues raised in the respective pleadings.
“Therefore, after a consideration of the pleadings filed in this cause; a review of the case styled Robert C. Tucker v. Gene Courtney Suttle and Wanda Wideman Suttle, St. Clair County Circuit Court Case Number: CV 1979-3, and a discussion with the said attorneys at the bench, the Court is of the opinion that [Moorehouse’s] complaint or petition is due to be granted.
“Therefore, the Court finds and it is hereby Ordered, Adjudged and Decreed that:
“1.) That a right of way as a public road was previously established in that certain St. Clair County Case styled Robert C. Tucker v. Gene Courtney Sut-tle and Wanda Wideman Suttle, Civil Action Number: CV 1979-3.
“2.) That the Court finds that the ruling in Robert Tucker v. Gene Courtney Suttle and Wanda Wideman Suttle is applicable to the issues raised in this herein stated cause.
“That the said public right of way established in said cause runs adjacent to [Moorehouse’s and the Tuckers’ land], which were subject to the right of way established in Tucker v. Suttle, et at, supra.
3.) Therefore, the Court finds that the Defendants, Donald J. Tucker and Carol J. Tucker have no right or authority to obstruct, block or prevent the use of the public right of way stated herein.
*1266 “It is hereby Ordered, Adjudged and Decreed that the Defendants, Donald J. Tucker and Carol J. Tucker, immediately remove the chain that is presently blocking the passage of the said public road way.
“It is further Ordered, Adjudged and Decreed that the said Defendants, Donald J. Tucker and Carol J. Tucker are permanently enjoined from blocking, obstructing or otherwise preventing the public use of the said right of way.”
(Emphasis altered.) However, on June 4, 2008, the trial court granted a Rule 60(b), Ala. R. Civ. P., motion filed by the Tuckers and vacated the judgment entered on February 4, 2008.
On September 24, 2008, the Tuckers moved the trial court for a summary judgment. As the primary ground of their summary-judgment motion, they asserted that the disputed roadway was their private driveway, that the disputed roadway was not part of Lower Mill Road, and, therefore, that Moorehouse did not have a right to use the disputed roadway.
As evidence in support of their summary-judgment motion, the Tuckers submitted, among other things, contemporary aerial photographs of the area where their parcel, the Moorehouse parcel, and the Suttle parcel are located; the affidavit of Donald L. Tucker; the Covenant Running With the Land executed by Moorehouse’s parents and Donald L. Tucker’s parents in 1981; a 1981 deed in which Moorehouse’s parents had conveyed the strip to Donald L. Tucker’s parents; and a deed in which Donald L. Tucker’s parents had conveyed the strip to the Tuckers.
On January 2, 2009, Moorehouse filed an affidavit in opposition to the Tuckers’ summary-judgment motion and filed his own summary-judgment motion. Moorehouse’s affidavit stated that the trial court had been correct in finding in its February 4, 2008, judgment that the 1979 action had adjudicated the same issues raised by Moorehouse’s action. As the ground of his own summary-judgment motion, Moore-house asserted that the disputed roadway was a public road by virtue of its being adjudicated to be a public road in the 1979 action.
Following a hearing, the trial court signed an order denying the Tuckers’ summary-judgment motion on February 9, 2009.[2] On April 28, 2009, the trial court set the action for a bench trial on May 27, 2009.[3]
Before the trial court received any evidence at the May 27 trial, the parties’ attorneys explained their clients’ positions. The trial court then stated:
“THE COURT: Let’s hear from Mr. Tucker, because he certainly has the burden of telling me why this road should close. Let’s do our best to keep it quick.”
The Tuckers then called Donald L. Tucker as their sole witness. Mr. Tucker testified as follows. When Lower Mill Road was adjudicated to be a public road in the 1979 action, it ran through the middle of a pasture on the Moorehouse parcel and the disputed roadway did not exist. *1267 After Lower Mill Road was adjudicated to be a public road in the 1979 action, Moore-house’s parents and Donald L. Tucker’s parents entered into a contractual agreement that was memorialized in the Covenant Running With the Land. The agreement provided that Moorehouse’s parents would convey the strip to Donald L. Tucker’s parents to use for accessing their parcel in exchange for Donald L. Tucker’s parents’ agreeing that they and their heirs, successors, and assigns would abandon their use of the portion of Lower Mill Road that ran through the middle of the Moorehouse parcel. Moorehouse’s parents subsequently conveyed the strip to Donald L. Tucker’s parents, and Donald L. Tucker’s parents subsequently conveyed the strip to the Tuckers.
In addition to Donald L. Tucker’s testimony, the Tuckers introduced into evidence contemporary aerial photographs depicting the area where their parcel, the Moorehouse parcel, and the Suttle parcel are located. On Defendants’ Exhibit 1, which is one of those aerial photographs, Tucker marked the location of the portion of Lower Mill Road that he contended had run through a pasture in the middle of the parcel now owned by Moorehouse. He marked the X in a location covered with vegetation where no road is visible. Donald L. Tucker testified that the growth of vegetation after his parents had abandoned their use of that portion of Lower Mill Road in 1981 accounted for the absence of any visible sign of a road where he marked the X. The Tuckers also introduced into evidence, among other things, the Covenant Running With the Land; the deed in which Moorehouse’s parents conveyed the strip to Donald L. Tucker’s parents; the deed in which Donald L. Tucker’s parents conveyed the strip to the Tuckers; a survey of the strip; a copy of the judgment entered by the St. Clair Circuit Court in the 1979 action; and a copy of the supreme court’s opinion in Suttle v. Tucker, 398 So.2d 266 (Ala.1981), the appeal of the 1979 action.
The opinion of the supreme court was delivered on May 1, 1981. In pertinent part, the Covenant Running With the Land stated:
“This agreement, executed at Pell City, St. Clair County, Alabama, on this the 6th day of October, 1981, by and between J.L. Moorehouse and wife, Ruby Moorehouse, hereinafter referred to as parties of the first part, and Robert C. Tucker and wife, Jessie S. Tucker, hereinafter referred to as parties of the second part. It being the intent and purpose of this contract to provide the parties of the second part access to establish a road to their property and to assure to the parties of the first part that the parties of the second part and their heirs, successors, and assigns, shall be deemed to have abandoned that portion of the land belonging to the parties of the first part which was previously adjudicated to be a public road. That the parties of the first part and their heirs, successors and assigns and the parties of the second part and their heirs, successors and assigns shall not interfere with the peaceful possession of their respective properties.
“In furtherance of this intent, the parties of the first part and the parties of the second part enter into this contract and agreement which is to run with the land under the following terms and conditions:
“1. That the parties of the first part agree to deed in fee simple to the parties of the second part, the following described real estate:
“[legal description of the strip]
“2. That the parties of the second part agree that neither they nor their *1268 assigns, successors or heirs shall now, nor forever, seek to establish a public road across the property belonging to the parties of the first part. This shall include that area heretofore adjudicated by the Court of St. Clair County, Alabama, to be a public road across the property belonging to the parties of the first part.
[[Image here]]
“4. It is expressly understood and agreed that this contract in all its terms and conditions shall be binding on and shall enure to the benefit of the heirs, executors, administrators, successors and assigns of the parties hereto.”
(Emphasis added.) Moorehouse’s parents executed the deed conveying the strip to Donald L. Tucker’s parents on October 19, 1981.
Following the trial on May 27, the trial court, on June 10, 2009, entered a judgment stating:
“This case came on to be heard on the 27 day of May, 2009.... The issue in this case is whether or not the road in question continues to be a public road. Testimony was taken ore tenus and after consideration of the pleadings, motions for summary judgment, affidavits and exhibits filed herewith, and a review of the case ‘Tucker v. Suttle’ CV-1979-3, the Court is of the opinion that the road declared a public road in said 1979 has not been vacated by any act or resolution of the City of Odenville or St. Clair County.

“The Court therefore finds and decrees that the order entered by this Court on [February ⅛,] 2008 is adopted and shall continue as set out therein.”

(Emphasis added.)
On July 12, 2009, the Tuckers timely appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Because the trial court’s judgment followed a bench trial in which the court heard ore tenus evidence, the following principles govern our review:
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.”” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala. 2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
The Tuckers first argue that the trial court erred in denying their summary-judgment motion. However, when there is a trial on the merits after the denial of a summary-judgment motion, we do not review the denial of the summary-judgment motion. Beiersdoerfer v. Hilb, Rogal & Hamilton Co., 953 So.2d 1196, 1205 (Ala.2006) (“ ‘[W]e do not review a trial court’s denial of a summary-judgment motion following a trial on the merits.’ ” (quoting Mitchell v. Folmar & Assocs., LLP, 854 So.2d 1115, 1116 (Ala.2003))). *1269 Because there was a trial on the merits after the denial of the Tuckers’ summary-judgment motion, we will not review the denial of their summary-judgment motion. See Beiersdoerfer and Mitchell.
Second, the Tuckers argue that the uncontroverted evidence established that the disputed roadway was not part of Lower Mill Road when Lower Mill Road was determined to be a public road in 1979. The trial court found in its February 4, 2008, judgment that the disputed roadway was part of Lower Mill Road when it was determined to be a public road in the 1979 action, and the trial court adopted that finding in its June 10, 2009, judgment. Moreover, the trial court found in its June 10, 2009, judgment that Lower Mill Road had not been vacated subsequent to its being determined to be a public road in the 1979 action. Because the trial court made those written findings of fact, the Tuckers are entitled to challenge the sufficiency of the evidence supporting the trial court’s judgment even though they did not challenge its sufficiency in the trial court. See Rule 52(b), Ala. R. Civ. P.; and Ex parte Vaughn, 495 So.2d 83, 87 (Ala.1986). In pertinent part, Rule 52(b) provides:
“When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial.”
In Ex parte Vaughn, the supreme court held:
“Rule 52(b) provides an exemption from the requirement of invoking a ruling by the trial court on the issue of evidentiary insufficiency when written findings of fact are made. The trial court’s ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge is the trier of the facts. Moreover, by making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court’s findings, a motion to amend them, a motion for a new trial, and a motion to dismiss under Rule 41(b), [Ala. R. Civ. P.] — to permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal.”
495 So.2d at 87. Accordingly, we will consider the Tuckers’ challenge of the sufficiency of the evidence supporting the trial court’s judgment.
The Covenant Running with the Land, the deed in which Moorehouse’s parents conveyed the strip to Donald L. Tucker’s parents, and the testimony of Donald L. Tucker indicate that the disputed roadway was not part of Lower Mill Road when it was determined to be a public road in the 1979 action and that the disputed roadway was a private driveway constructed by Donald L. Tucker’s parents after the supreme court delivered its opinion concluding the 1979 action. Thus, that evidence directly contradicts the trial court’s finding that the disputed roadway was part of Lower Mill Road when it was determined to be a public road in the 1979 action. Even if the trial court, as the sole judge of Donald L. Tucker’s credibility as a witness, see Woods v. Woods, 653 So.2d 312, 314 (Ala.Civ.App.1994), found that that testimony was not credible, Moore-house did not dispute the authenticity of the Covenant Running With the Land and the deed in which Moorehouse’s parents *1270 conveyed the strip to Donald L. Tucker’s parents. The Covenant Running With the Land affirmatively established that the disputed roadway was not part of Lower Mill Road when it was determined to be a public road in the 1979 action. That affirmative proof precluded the trial court from inferring from the absence of any visible sign of a road where Donald L. Tucker marked an X on Defendants’ Exhibit 1 that the disputed roadway had been part of Lower Mill Road when it was determined to be a public road in the 1979 action. No other evidence supports the trial court’s finding that the disputed roadway was part of Lower Mill Road when it was determined to be a public road in the 1979 action.
“ ‘[E]ven under the ore tenus rule, “[w]here the conclusion of the trial court is so opposed to the weight of the evidence that the variable factor of witness demeanor could not reasonably substantiate it, then the conclusion is clearly erroneous and must be reversed.” ’ ”
Cheek v. Dyess, 1 So.3d 1025, 1029 (Ala.Civ.App.2007) (quoting B.J.N. v. P.D., 742 So.2d 1270, 1274 (Ala.Civ.App.1999), quoting in turn Jacoby v. Bell, 370 So.2d 278, 280 (Ala.1979)). Given the undisputed authenticity of the Covenant Running with the Land, we conclude that the trial court’s finding that the disputed roadway was part of Lower Mill Road when it was determined to be a public road “is so opposed to the weight of the evidence that the variable factor of witness demeanor could not reasonably substantiate it” and, therefore, that that finding “is clearly erroneous and must be reversed.” Cheek v. Dyess, 1 So.3d at 1029. Moreover, because that finding was essential to the trial court’s judgment in favor of Moorehouse, we reverse the judgment of the trial court and remand the action to the trial court with instructions to enter a judgment in favor of the Tuckers.
Because the Tuckers’ argument regarding the sufficiency of the evidence disposes of the appeal, we pretermit discussion of their other arguments.
APPLICATION GRANTED; NO-OPINION AFFIRMANCE OF FEBRUARY 12, 2010, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P. J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. See Suttle v. Tucker, 398 So.2d 266 (Ala. 1981).

. The order was stamped filed by the St. Clair Circuit Clerk on February 10, 2009, stamped filed a second time on February 11, 2009, and entered on the case-action summary maintained by the clerk on February 11, 2009; however, it does not appear to have been entered on the State Judicial Information System's case-action summary.

. The record does not contain an order expressly denying Moorehouse’s summary-judgment motion; however, the entry of the trial court’s order setting the action for trial on May 27 is inconsistent with an intention to grant that motion.